# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LARRY JONES,** | ) | |
| Plaintiff, | ) | Civil Action No. 15-99Erie |
| | ) | |
| v. | ) | |
| | ) | |
| **SGT. YOLINSKI,** | ) | Magistrate Judge Baxter |
| Defendant. | ) | |

## MEMORANDUM OPINION[1]

M.J. Susan Paradise Baxter

### I. Relevant Procedural History

Plaintiff filed this civil rights action in this Court on April 9, 2015. The sole Defendant named in this action is Sgt. Yolinski, an employee of the Pennsylvania Department of Corrections. Plaintiff alleges that he was placed in Administrative Custody for 192 days at SCI Forest in retaliation for a lawsuit he had filed against Defendant Yolinski many years before. Plaintiff brings both a retaliation claim and a due process claim against Yolinski.

Presently pending before this Court are cross motions for summary judgment. ECF No. 15; ECF No. 24. These motions are fully briefed and are ripe for disposition by this Court.

### II. Standards of Review

#### A. *Pro Se* Litigants

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including the entry of a final judgment.

1

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Dep't of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court may consider facts and make inferences where it is appropriate.

**B. Motion for summary judgment**

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Under Rule 56, the district court must enter summary judgment against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In evaluating the evidence, the court must interpret the facts in the light most favorable to the nonmoving party, drawing all

reasonable inferences in that party's favor. Kossler v. Crisanti, 564 F.3d 181, 186 (3d Cir. 2009). There is no genuine issue for trial only when the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

### III. History

In 2004, Plaintiff filed a lawsuit against seven named defendants who were all employed by the Department of Corrections at the SCI Pittsburgh. Defendant Yolinski was named as a defendant in that action. See C.A. No. 04-1413Pitts.

In March of 2014, Plaintiff transferred into SCI Forest from another state institution. Shortly after becoming aware that Plaintiff was transferring into SCI Forest, Defendant Yolinski, who was now working at SCI Forest, submitted an "Incident Report" informing the institution of alleged threats that Plaintiff had previously made against him at SCI Pittsburgh. The Incident Report explains that Yolinski believed there was a Separation Order on file with the Department of Corrections between him and Plaintiff arising out of an incident (upon which the 2004 lawsuit was at least partially based) that occurred at SCI Pittsburgh. Yolinski's Incident Report indicates that he has no bad feelings toward Plaintiff, but he believed there was a Separation Order in place.

On May 20, 2014, Plaintiff was removed from general population and placed in Administrative Custody per a DC-141 Other Report (numbered B051952) that stated Plaintiff was being separated from staff pending an administrative transfer to another prison. ECF No. 27-4. Defendant did not draft this report nor did he sign it.

On May 29, 2014, the Program Review Committee conducted an administrative review and it was determined that Plaintiff would remain housed in Administrative Custody pending a transfer to a new institution due to the separation from Defendant Yolinski. The Committee consisted of prison staff Oberlander, Cole, Horton, and Mongelluzzo. ECF No. 27-5.

On August 22, 2014, a Program Review Committee conducted a 90-day review of Plaintiff's situation. The PRC determined that Plaintiff would remain on Administrative Custody pending the transfer. This Committee consisted of prison staff Oberlander, Horton, Ennis, and Sheesley. ECF No. 27-6.

On November 13, 2014, another 90-day review was conducted by a Program Review Committee and it was once again decided that Plaintiff would remain in Administrative Custody. This Committee was made up of Cole, Horton, and Ennis. ECF No. 27-7.

On December 29, 2014, Plaintiff was released from Administrative Custody to general population, having never been transferred.

### IV. Personal Involvement

In order for an individual defendant to be found liable in a civil rights action, the individual "must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of *respondeat superior*." Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005). See also Rizzo v. Goode, 42 U.S. 362 (1976); Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Thomas v. Independence Twp., 463 F.3d 285, 298 (3d Cir. 2006) quoting Rode, 845 F.2d at 1207.

The record before this Court reflects that Defendant Yolinski's involvement is very limited. Yolinski's sole act was to submit the Incident Report informing the institution of his prior history with Plaintiff, as well as his belief that a Separation Order was in place. The record evidence demonstrates that Yolinski did not issue the DC-141 Other Report that placed Plaintiff in Administrative Custody pending a transfer and he did not participate in any of the PRC reviews. Plaintiff has not produced any evidence to support Yolinski's personal involvement in his placement in Administrative Custody, as he must in order to survive summary judgment. Accordingly, summary judgment will be granted in favor of Defendant and against Plaintiff.

An appropriate Order follows.